FILED
U.S. DISTRICT COURT
SAVANNAH
2013 APR 24 PM

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AMEX ASSURANCE COMPANY, )
)
    Interpleader Plaintiff, )
)
v. ) CASE NO. CV413-62
)
JUDITH ANN PHELPS; P.C.P., a )
minor; NANCY MAGGIO-TAYLOR; )
ELMER PHELPS, JR.; ELMER C. )
PHELPS; and JOSEPHINE PHELPS, )
)
    Interpleader Defendants. )
_____ )

## O R D E R

Before the Court is Interpleader Plaintiff AMEX Assurance Company's ("AMEX") "Motion to Appoint a Guardian Ad Litem." According to AMEX, Interpleader Defendant P.C.P is a minor. P.C.P's mother—Judith Ann Phelps—is also a named party in this case and has asserted a claim to the life insurance proceeds. Both P.C.P. and Judith Ann Phelps have been indicted on numerous felony charges in connection with the death of the insured. (Doc. 1 ¶¶ 2,4,17,18.)

It is the Court's understanding that there are no available funds for payment to a guardian ad litem. Additionally, the Court cannot pay for the cost of the guardian ad litem. Should the Court grant AMEX's motion and appoint a guardian ad litem, AMEX may be expected to cover reasonable fees in an amount to be determined by the

Court to be paid to the guardian ad litem. See <u>Metro. Life Ins. Co. v. M.E.C.</u>, 2012 WL 3042076, at *1 (M.D. Ala. Jul 25, 2012) (plaintiff insurance company bore guardian ad litem costs because it initiated the interpleader action and required the appointment of a guardian ad litem); see also <u>Allstate Ins. Co. v. Jones</u>, 763 F. Supp. 1101, 1102 (M.D. Ala. 1991) (finding there is "a much stronger case for awarding guardian costs to a minor defendant, even when he is a nonprevailing party, because his role in the litigation is involuntary"). AMEX shall have ten days from the date of this order to indicate its position as to paying the reasonable fees for the guardian ad litem.

SO ORDERED this 24th day of April 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA