IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| AMEX ASSURANCE COMPANY,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>JUDITH ANN PHELPS; P.C.P., a minor; NANCY MAGGIO-TAYLOR; ELMER PHELPS, JR.; ELMER C. PHELPS; DEREME CHURCH; and JOSEPHINE PHELPS;<br><br>    Defendants. | CASE NO. CV413-062 |

## O R D E R

Before the Court is Defendant Judith Ann Phelps's Motion to Set Aside Default. (Doc. 69.) For the following reasons, the Court finds that Defendant Phelps[1] has not shown good cause, as required by Federal Rule of Civil Procedure 55(c), to set aside the default. Accordingly, Defendant's motion is **DENIED**.

### BACKGROUND

This action was brought by Interpleader Plaintiff AMEX Assurance Company ("AMEX") following Thomas B. Phelps's murder on or about September 3, 2012. (Doc. 1 at 1.) At the time of his death, Thomas B. Phelps held a life insurance policy with AMEX. Id. No beneficiary was specifically named in the policy, and as a result the benefits were to be paid in equal shares to the

---

[1] For the purposes of this motion, the Court will refer to Judith Ann Phelps as Defendant Phelps.

deceased's "(1) Spouse or Domestic Partner; (2) children; (3) parents; (4) or brothers and sisters." (Doc. 69, Attach. 3 at 6.) However, both Thomas B. Phelps's surviving spouse—Defendant Judith Ann Phelps—and his son—Defendant P.C.P.—were indicted in connection with his murder. (Doc. 1 at 1-2.) Georgia law precludes a person who commits murder or voluntary manslaughter from receiving any benefits from any insurance policy on the life of the deceased. O.C.G.A. § 33-15-13. Accordingly, AMEX sought a determination by this Court of the appropriate beneficiary.

Defendant Phelps was ultimately convicted on three counts in relation to Thomas B. Phelps's murder. Specifically, Defendant Phelps pled guilty to concealing the death of another person, criminal solicitation to conceal the death of another person, and making false statements to law enforcement. (Doc. 69, Attach. 2 at 1.) For her crimes, Defendant Phelps was sentenced to twelve years of imprisonment. (Id. at 2.)

Defendant Phelps was served with a copy of the complaint on March 27, 2013. (Doc. 14.) Defendant Phelps never answered the complaint and the clerk entered her into default on November 5, 2013. (Doc. 49.) On March 19, 2014, the Court granted AMEX's motion for interpleader and dismissed it from this case. (Doc. 68.) The next day, on March 20, 2014, Defendant Phelps filed the present motion to set aside the clerk's entry of default against

2

her and allow her to pursue recovery of the life insurance proceeds. (Doc. 69.)

## ANALYSIS

I. <u>STANDARD OF REVIEW</u>

Under Rule 55(c), the Court may set aside a default for "good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is within the discretion of the court. <u>Robinson v. United States</u>, 734 F.2d 735, 739 (11th Cir. 1984). However, although good cause "is not susceptible to a precise formula, [] some general guidelines are commonly applied." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996). In determining whether "good cause" exists, courts focus on three factors: "(1) whether the default was culpable or willful; (2) whether setting it aside would prejudice the non-defaulting party; and (3) whether the party in default has a meritorious defense." <u>Ritts v. Dealers Alliance Credit Corp.</u>, 989 F. Supp. 1475, 1490 (N.D. Ga. 1997). Courts have also considered "whether the defaulting party acted promptly to correct the default." <u>Compania Interamericana</u>, 88 F.3d at 951. Further, "[u]nderlying consideration of the appropriateness of setting aside a default is the fact that defaults are not favored in federal court and trials on the merits are the preferred method for resolving disputes." <u>Ritts</u>, 989 F. Supp. at 1480. "However, if a party

3

willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." <u>Compania Interamericana</u>, 88 F.3d at 951-952.

II. <u>DISCUSSION</u>

After a careful review of Defendant Phelps's motion and the facts in this case, the Court concludes that Defendant Phelps has failed to show sufficient good cause for her default to be set aside. In her motion, Defendant Phelps explains that she was incarcerated at the time this action was filed and had not retained a civil attorney. (Doc. 69, Attach. 4 at 3.) She complains that she was under stress and depressed because of her legal situation. <u>Id.</u> As a result, Defendant Phelps decided not to involve herself in this case. <u>Id.</u>

While Courts are often lenient in excusing a defendant's improper or even negligent conduct when assessing whether to set aside default, such does not appear to be the case here. Defendant Phelps's purported explanation does not allege that her failure to answer was the result of a technical hiccup or similarly excusable conduct. In fact, Defendant Phelps does not assert that she attempted to pursue this matter in any way, admitting that she "simply did not deal with the issue." <u>Id.</u> Defendant Phelps's only argument appears to be that she should be excused for intentionally ignoring her responsibilities in

4

this case due to her personally difficult situation at the time this case was filed. Defendant Phelps does not provide, and the Court cannot find, any support for this proposition.[2]

The Court also notes that Defendant did not act promptly to rectify her status in this case, failing to respond for over five months after she was entered into default.[3] This is further evidence that Defendant's failure to answer was not likely the result of a simple misunderstanding or negligence, but rather utter indifference to the rules of this Court. Because Defendant Phelps has offered no evidence to suggest that her conduct was anything other than willful disregard for the Court and this proceeding, the Court need not address the remaining factors to determine if default should be set aside. See Compania Interamericana, 88 F.3d at 951-952 (11th Cir. 1996) ("However,

---

[2] Defendant Phelps also argues that she should be excused from responding to the complaint because she did not understand the meaning of "interpleader." (Doc. 69, Attach. 4 at 3.) However, the Court finds this argument without merit. The complaint clearly describes in plain language that defendants were to "set forth their respective claims to the Accident Protection Plan insurance proceeds of $100,000.00." (Doc. 1 at 11.) Defendant Phelps's ignorance of a single word would not have prevented her from understanding the purpose of this action.

[3] Roughly one month after Defendant Phelps was placed into default, a non-party to this action named Larry D. Cato filed a hand-written request for disbursement of funds purporting to be Defendant Phelps's brother and acting with her power of attorney. The Court dismissed this request on August 15, 2014, noting that Georgia law does not allow a non-attorney to represent another even if acting under power of attorney. (Doc. 71.) The Court finds this filing immaterial for purposes of the present motion.

if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief."). Defendant Phelps's motion must be denied.

### CONCLUSION

For the foregoing reasons, the Court finds that Defendant Phelps has shown no good cause, as required by Federal Rule of Civil Procedure 55(c), to set aside the default. Accordingly, Defendant's Motion to Set Aside Default is **DENIED**.[4]

SO ORDERED this 9th day of March 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Accordingly, Defendant's Second Motion for Release of Funds (Doc. 70) is **DISMISSED AS MOOT**.